## DINWIDDIE v. ROBERTS.

A bill is bad on demurrer, which merely charges that the defendant was about to commit a flagrant injury, in setting up a claim, unauthorized by law, to establish a highway through his cultivated lands, without alleging that he had perpetrated any injury, or showing in what connection or way the injury was about to be committed under legal sanction; or that defendant was insolvent, and unable to answer in an action at law for damages. But the supreme court has a discretion over the question of jurisdiction in such a case, where the party has waived the objection by pleading.

On opening a road through cultivated lands to the injury of the owner, he is entitled to adequate compensation.

IN EQUITY.   *Appeal from Des Moines District Court.*

*J. C. Hall*, for the appellant.

*David Rorer*, for the appellee.

*Opinion by* HASTINGS, C. J.   This was a bill in chancery, in which it appears that the appellant, who is the defendant in the bill, under pretense of some legal authority not described in the bill, was about to commit a flagrant injury; that he set up a claim to establish a public highway through the cultivated lands of the complainant, without authority of law.

It does not aver that the defendant had entered upon the lands, or had done anything which proved the complainant's danger of suffering an irreparable injury, except the setting up of such illegal and unjustifiable claim, under pretense of constructing a public road.

The bill does not connect the acts of the defendant with the official authority of the territory, showing that the injury was about to be inflicted under the supposed sanction of law, and by direction of the board of commissioners of the county of Des Moines, who are authorized by law to establish and open public highways; nor that defendant was acting, in the premises, in the capacity of a road supervisor, and as such was about to do

the unlawful acts complained of, but describes the mere claim of an individual to a right to do a great private injury.

There is no averment that the defendant was insolvent, and unable to respond to an action at law for damages. Nor does the bill describe the injury about to be visited upon the complainant to be such that money could not compensate for the same, as was the case in *Bonaparte* v. *Camden Railroad Co.*, 1 Baldwin, C. C. 231.

The bill, therefore, was clearly bad, on demurrer, for substantial defects, and that the defendant could take advantage of it on the hearing, there can be no doubt. See 2 Amer. Ch. Dig. 50, § 32. But this court has a discretion over the question of jurisdiction in this case, if from the state of the pleadings equity and justice require that jurisdiction should be entertained. The facts stated in the plea and the transcript of the proceedings of the board of commissioners, offered as evidence to support the pleas, show that this court ought to entertain jurisdiction in some manner, if it can be done according to the rules of practice in chancery. Had the defendant answered, denying the averments in the bill, we would not hesitate to dismiss the bill unconditionally. But he has stated such matters in his pleas, which, if added to the bill, and the bill should be amended accordingly, a court of chancery would not hesitate to entertain jurisdiction.

In *Burroughs* v. *McNiell*, 2 Dev. and Batt. 217, American Ch. Dig. 51, § 44, it is decided, that if the objection has not been taken in the pleadings, but the defendant has expressly submitted to the jurisdiction of the court, by praying it to decide on the question of his liability, the objection must be regarded as one not of strict right, but addressed to the sound discretion of the court.

We will not now express any opinion as to the validity of the proceedings establishing the road in question. If the public convenience requires that a road should be opened through the cultivated lands of the complainant, before the same is opened the complainant should receive an adequate

compensation for the injury suffered thereby. This right is guaranteed to him by the organic acts, and wisely incorporated into the bill of rights. If no compensation can be awarded in money for such injury, the defendant and the board of commissioners of the county of Des Moines should be forever restrained from committing the injury.

The decree of the court below on the bill, as it now stands, must be reversed, and the complainant have leave to amend his bill in the court below, and the injunction continued for the further action of that court.